not. I find nothing in the record contradicting this evidence. The testatrix spoke English only, and the will was in English, thus differing from the Lederer decision, cited to me.

The surrogate, in view of this testimony, wholly uncontradicted, is, I think, constrained to conclude that at the time the testatrix declared the paper in controversy to be her will she was fully aware of its contents, and that the statutory "declaration," animus testandi, is apparent in this cause.

My conclusion is that the will of Mrs. Sprowl is adequately established, and that the probate thereof ought not to be rescinded on this application to revoke it. There will be no costs allowed herein. Let findings and decree herein, in conformity herewith, be submitted to the surrogate for his signature. Probate decreed.

---

(73 Misc. Rep. 198.)

### In re KOPF'S ESTATE.

#### (Surrogate's Court, Richmond County. July, 1911.)

HUSBAND AND WIFE (§ 278*)—SEPARATION AND SEPARATE MAINTENANCE—VALIDITY OF AGREEMENTS.

   A husband and wife living apart may validly agree to live separately from each other, and be free from all obligations in regard to the property, effects, or estate of each other, but provisions in the agreement that neither shall thereafter have any claim upon the other for support, with the intention of evading Domestic Relations Law (Consol. Laws 1909, c. 14) § 51, providing that a contract cannot be made to alter or dissolve the marriage or relieve the husband from his wife, and that the parties shall not interfere with or object to a marriage or sue each other for remarriage, invalidate the entire contract.

   [Ed. Note.—For other cases, see Husband and Wife, Dec. Dig. § 278.*]

In the matter of the estate of Henry Kopf, deceased. Accounting by the executor of a deceased administrator. Decree entered.

Leonard McGee, for petitioner.
J. Harry Tiernan, for executor of the deceased administrator.

RAWSON, S. Henry Kopf died, intestate, in this county; and, upon the erroneous supposition that he left no widow, administration was taken upon his estate. Subsequently, his widow, the petitioner, appeared in this court; and, upon her application, the letters of administration theretofore granted were revoked, and the petitioner was appointed administratrix. The original administrator subsequently died, leaving a will, and the executor of that will has been made a party to this proceeding as well as the sureties upon the bond of the original administrator. An account has been rendered of the estate, no part of which has, however, been turned over to the administratrix.

The deceased having left no children and only brothers and sisters, the widow is entitled to the whole estate. It appears from the evidence that sometime prior to the death of Henry Kopf he and his

wife had been living separate and apart from each other, and on the 17th day of February, 1888, they each executed a separate agreement, in substance, however, the same, to the effect that each one released the other from all property rights or obligations of any kind or nature which either of them had or might thereafter have against the other by reason of the relation of husband and wife then existing between them; and the agreement, although somewhat crudely drawn, nevertheless, clearly states the idea which each had in mind, viz., that the parties were thenceforth to live separate and apart, each from the other, and be free from all obligation, past or future, in regard to the property, effects, or estate of the other.

The parties could so contract. Winter v. Winter, 191 N. Y. 462, 84 N. E. 382, 16 L. R. A. (N. S.) 710. But, as a part of the agreement, it was further agreed that neither of the parties should thereafter have any claim upon the other for support, meaning thereby to evade the obligation of the statute (Domestic Relations Law [Consol. Laws 1909, c. 14] § 51) which says that such a contract cannot be made "so as to alter or dissolve the marriage or relieve the husband from his wife." Not only that, but the parties further agreed, each with the other, that they should not ever interfere with or object to a marriage or sue (each the other) for remarrying. The first of these provisions is absolutely illegal. The second, to say the least, is contra bonos mores. They were undoubtedly the consideration for the other agreements made. Indeed, the instruments themselves state that the consideration is that the other party has "given to me a release similar to this." The illegality vitiates the whole contract.

The decree must go charging the executor of the deceased administrator and the sureties on the bond with the amount of the original estate, less the lawful commissions of the original administratrix and the debts paid and expenses of administration and plus interest from the date of the appointment of the new administratrix.

Decreed accordingly.